**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANTIN IMANCOT,<br><br>                    Petitioner,<br><br>    v.<br><br>WARDEN OF THE MESA VERDE<br>DETENTION CENTER, et al.,<br><br>                    Respondents. | No. 1:26-cv-01419 JLT SAB (HC)<br><br>A File: 234 381 921<br><br>ORDER ADOPTING FINDINGS AND<br>RECOMMENDATIONS, GRANTING THE<br>PETITION FOR WRIT OF HABEAS<br>CORPUS, DENYING RESPONDENTS'<br>MOTION TO DISMISS, DIRECTING<br>RESPONDENTS TO PROVIDE PETITIONER<br>WITH BOND HEARING, AND DIRECTING<br>CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 11, 12) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On April 23, 2026,[1] the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted, Respondents' motion to dismiss be denied, and Respondents be directed to provide Petitioner with a bond hearing. (Doc. 12.) The Court served the findings and recommendations on the parties and notified them that any objections were due in 14 days. (*Id.*) The Court further warned the parties "that failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.* at 12, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) To date, no objections

_____

[1] The findings and recommendations were signed on April 22, 2026, but not docketed until April 23, 2026.

1

have been filed, and the time for doing so has passed.

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on April 23, 2026 (Doc. 12) are **ADOPTED IN FULL**.

2. Respondents' motion to dismiss (Doc. 11) is **DENIED**.

3. The petition for writ of habeas corpus is **GRANTED**.

4. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

5. At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If his counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

///

///

///

///

6.  The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:  __**May 15, 2026**__

UNITED STATES DISTRICT JUDGE